IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Cr. No. 20-1219 JB |
| ) | |
| **BLAINE MORGAN**,   ) | |
| ) | |
| Defendant.   ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR REVIEW AND AMENDMENT OF DETENTION ORDER

The United States hereby responds to Defendant Blaine Morgan's Motion for Review and Amendment of Detention Order (Doc. 23):

1. On March 29, 2020, Defendant Blaine Morgan was arrested by Navajo Nation authorities for the murder of John Doe. On April 7, 2020, a criminal complaint was filed with this Court charging Defendant with one open count of murder pursuant to 18 U.S.C. §§ 1111 and 1153. Doc. 1. An arrest warrant was issued the same day. Doc. 2. Defendant Morgan remained in Navajo Nation custody pending litigation in tribal court related to his transfer to federal custody. In the meantime, on May 12, 2020, a federal grand jury charged Defendant Morgan with second degree murder of John Doe, again in violation of 18 U.S.C. §§ 1111 and 1153.

2. Defendant was eventually transferred to federal custody on July 6, 2020. He was arraigned on July 9, 2020 and a detention hearing was held on July 13, 2020. Docs. 16, 21. At his detention hearing, this Court found by a preponderance of the evidence that Defendant is a flight risk and remanded him to the custody of the United States Marshal.[1] Doc. 22 at 2. In addition, this

---

[1] A transcript of the detention hearing has been ordered and will be provided to the Court and opposing counsel when it is received.

Court also found that the weight of the evidence, the potential lengthy period of incarceration, Defendant's prior criminal history, and his history of violence and alcohol abuse also supported his detention pending trial.  Defendant was remanded to the custody of the United States Marshal.  Doc. 22.

      3.      This Court, in determining whether there are conditions of release that will reasonably assure the appearance of a defendant as required, as well as assure the safety of any other person and the community, can consider the nature and circumstances of the offense, including whether the offense is a crime of violence, the weight of the evidence against the defendant, and the history and characteristics of the defendant.  18 U.S.C. § 3142(g).  All of these factors weigh in favor of Defendant's continued detention.

      4.      The charge, second degree murder, is one of the most serious federal crimes that can be lodged by a grand jury.  If convicted at trial, the statutory maximum sentence is life in prison.  18 U.S.C. § 1111(b).  Second degree murder is a crime of violence as defined by 18 U.S.C. §3156(a)(4)(A) in that it has as offense element "the use, attempted use, or threatened use of physical force against the person or property of another."  The nature of the crime weighs in favor of detention.

      5.      This Court is also permitted to take into account the weight of the evidence against the defendant in determining if conditions exist that will assure the defendant's appearance and reasonably assure the safety of the community.  18 U.S.C. § 3142(g)(2).  The United States asserts that the weight of evidence against the defendant is significant.  Witnesses observed Defendant with a knife after he and the victim took their physical fight outside of the trailer where they had been drinking alcohol together.  After he stabbed John Doe, Defendant immediately fled the scene.  Further, it was only at the insistence and after arguing with both his girlfriend and his sister that

Defendant eventually turned himself into law enforcement.  Indeed, there is absolutely no dispute that Defendant stabbed and killed John Doe.  Instead, Defendant argues that the strength of the evidence "is not overwhelming" because the victim was the "aggressor" and "initiated a physical fight."  Doc. 23 at 7.  Of course, even if these claims are true, Defendant is the only person who had a knife on the evening in question and immediately fled after he fatally stabbed John Doe.  Further, John Doe's autopsy report indicates that he was stabbed not once, but three times.  He further suffered an excise wound on his abdomen.  Given these facts, Defendant's apparent claim of self-defense is questionable, at best.  The weight of the evidence favors Defendant's continued detention.

6.      Finally, this Court can take into account the history and characteristics of the defendant.  18 U.S.C. § 3142(g)(3).  These factors once again favor detention.  The defendant's criminal history is indicative of impulsive, violent, and abusive behavior.  According to Pretrial Services, between 2005 and 2012 the defendant was criminally charged on five separate occasions – four of the five occasions involved charges of assault, including a felony charge of aggravated domestic violence in 2012.[2]  The fifth charge involved public intoxication.  And while this Court did note at the July 13th detention hearing that the last set of charges was from January of 2012, this Court cannot ignore the extremely recent concerns of Defendant's own girlfriend who was interviewed by Pretrial Services in preparation for its detention recommendation in this case.  While she noted for the officer that Defendant is a "good person," she further indicated that "he has a short temper," and while "not aggressive," "becomes aggressive when triggered or pushed too far."  Pretrial Services Report at 3.  She also noted that Defendant consumes "a lot of alcohol

---

[2] Defendant's criminal history indicates at least two convictions for misdemeanor assault and one conviction for disorderly conduct.  The disposition for the felony charge of aggravated domestic violence is currently unknown.

3

when he is not working." *Id*. While Defendant's community ties are certainly commendable, such do not outweigh his clear propensity for violence and alcohol abuse. It is difficult to reconcile a conclusion that the defendant, a man who has a history of assault, has a short temper, consumes significant amounts of alcohol and is now charged with second degree murder, is somehow not a danger to the public.

In light of the charges and the strength of the evidence, as well as Defendant's criminal history, propensity for violent behavior and alcohol abuse, Defendant is a flight risk and a danger to the community and should remain detained pending the trial of this matter.

WHEREFORE, the United States respectfully requests that Defendant's Motion for Review and Amendment of Detention Order be denied.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

      /s/
JENNIFER M. ROZZONI
Assistant United States Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274
(505) 346-7296 fax

I hereby certify that a copy of this
motion was delivered via CM/ECF
to counsel for defendant.

 *filed electronically July 24, 2020*
JENNIFER M. ROZZONI
Assistant United States Attorney