IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CR-1219 JB |
| ) | |
| BLAINE MORGAN, ) | |
| ) | |
| Defendant. ) | |

### SECOND UNOPPOSED MOTION TO CONTINUE

Blaine Morgan, by and through Hans P. Erickson, counsel for Defendant, moves the Court for an order to continue the jury trial currently scheduled for February 15, 2021, and to vacate and reschedule all other deadlines and settings in this matter. The government does not oppose this motion. In support of this motion, Mr. Morgan states the following:

1. Defendant pleaded not guilty to an indictment on July 9, 2020 and is charged by indictment with one count of second degree murder (18 U.S.C. §§ 1153 and 1111). He was released from custody on July 31, 2020 and has been in compliance with the terms of his pretrial release.

2. Trial in this matter is currently scheduled for February 15, 2021.

3. Defendants respectfully requests a continuance to complete several tasks that are vital to the defense. Specifically, Defendant requests an additional ninety (90) days from

the current setting to prepare for trial. Ninety days is the minimum amount of time that is required to adequately prepare for trial. Defense counsel cannot and will not be ready for trial in advance of Ninety days from the current setting.

4. A continuance of sixty days is necessary for counsel to complete the following tasks:

    A) To prepare and file any necessary pretrial motions.

    B) To continue plea negotiations with the government. It is believed that a negotiated resolution of this matter may be possible and that additional time is necessary to pursue such negotiations.

    C) Should plea negotiations not yield a resolution, defense counsel requires additional time to a) interview any additional witnesses; b) to obtain expert witnesses for trial; c) to file pretrial motions.

    D) Defense counsel's investigation of the facts and circumstances of the case is ongoing, and has taken longer than it otherwise would given the restrictions on travel and precautions that must be taken by investigators during the COVID-19 pandemic.

5. Defendant requests a continuance of the trial of no less than ninety (90) days from the current setting. Counsel believes that length of time to be the minimum needed to obtain outstanding discovery, to conduct any follow-up investigation, to continue plea negotiations with the government, to file pretrial motions, to accommodate scheduling conflicts and to ensure that Defendants receives effective assistance of counsel and are accorded due process.

6. The right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Defendants will be denied their right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

7. Defendant agrees with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Defendant and will potentially allow him to reach a favorable resolution with the government. Counsel has discussed with his client his rights under the Speedy Trial Act and Defendant understands the need for a continuance and respectfully requests that the court continue the trial for the ninety (90) days requested by counsel.

8. Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy

Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will allow the defense time to consult with, and obtain, necessary expert witnesses, conduct a thorough review of all of the discovery in this matter and to interview any witnesses that may be necessary. Additionally, a continuance of the deadlines and jury trial in this matter will provide the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit the defendants by providing access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

9. Counsel for the government, Assistant United States Attorney Jennifer M. Rozzoni, does not oppose this motion.

WHEREFORE, Mr. Morgan, by and through undersigned counsel, respectfully requests that this Court continue the jury trial and motions deadlines as set forth above.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

*Electronically filed February 12, 2021*
*/s/ Hans Erickson*
Assistant Federal Public Defender