IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-CR-1219 JB |
| | ) | |
| BLAINE MORGAN, | ) | |
| | ) | |
| Defendant. | ) | |

## SENTENCING MEMORANDUM

Blaine Morgan, through undersigned counsel, writes to urge the Court to accept the plea agreement reached by the parties, impose a sentence of eighteen months, and also make certain recommendations to maximize the likelihood that Mr. Morgan will be allowed to serve part of his sentence in a half-way house.

The parties arrived at the agreed-upon sentence because it appropriately reflects the seriousness of the offense, Mr. Morgan's level of culpability, and his acceptance of responsibility for his actions. The agreement allows Mr. Morgan to be sentenced consistent with a trial verdict of guilty to involuntary manslaughter, a lesser charge than the murder charge in the indictment, and still receive credit for his acceptance of responsibility. Such an outcome was only possible through an agreement with the government to charge Mr. Morgan by information with involuntary manslaughter, thereby relieving the Court and the parties of the need for a trial on a charge more serious than the facts support.

This offense is the terrible outcome of a petty argument that escalated into a fatal, alcohol-fueled fight. At some point during a party at which Mr. Morgan and Kody Peterson, both of whom had been drinking, began to argue about work. John Doe, who was also intoxicated, joined in the argument. All three men went outside and Mr. Morgan and John Doe began a physical fight. Mr. Morgan believed that the third man, who had called the victim to the scene, was also going to fight him. Believing he would be attacked by two men, Mr. Morgan then took out his knife and stabbed the victim fatally.

Mr. Morgan immediately recognized the seriousness of his actions. Shortly after leaving the scene he called the police and asked to meet with officers. He admitted to investigators that he had stabbed John Doe during a fight and was arrested.

Mr. Morgan now knows that when he drew his knife and stabbed the victim he used more force than was reasonably necessary to defend himself against an unarmed person, even though he did not realize this during the fight. He has consistently felt a deep regret for having taken another person's life, and for having cut short the victim's relationship with his family.

Mr. Morgan was incarcerated in connection with the same offense charged in Navajo tribal court for approximately four months, after which time he was transferred to federal custody and released on conditions equivalent to home confinement. During the approximately eleven months that he was released pending resolution of this case, Mr. Morgan committed himself to counseling, work, and his family. Mr. Morgan's Pretrial

Services officer noted no violations during that period of release and observed that Mr. Morgan's compliance with counseling and no-alcohol requirements was excellent.

Mr. Morgan is grateful for the long period of treatment for his alcohol use and anger, having found that counseling to be extremely helpful in understanding the nature and causes his alcohol use and its effects. Mr. Morgan is not a daily drinker and has long been able to abstain for drinking for periods of weeks or months as required by his work as a derrick hand. That employment would require him to be away from home for weeks at a time while working long hours. Those periods of employment would then be separated by weeks of no work, and Mr. Morgan typically drank to excess during those periods at home. He can see now how that drinking changed his behavior and has heard from others about how problematic his drinking had become. Of course, this offense leaves no doubt about just how dangerous his drinking can be.

Mr. Morgan remained out of custody while this case was pending, including a period after his guilty plea, his good performance on pretrial release providing no grounds for remand at that time. However, Mr. Morgan elected to begin serving his time on this sentence early and arranged to turn himself in on June 21, 2021, having accrued approximately three months of credit against this sentence since that time.

Mr. Morgan also earned four months of jail credit for the time he spent in custody related to now-dismissed charges in Navajo tribal court. Because he did not and will not receive credit for that time in custody against any other sentence, he expects to receive credit for that time against this federal sentence. After a reduction for good time, the total

sentence will be approximately 465 days. Because he will have jail credit of approximately 212 days at the time of sentence, his remaining sentence will be 253 days (approximately eight months).

Other defendants similarly situated are eligible for placement in a half-way house at the end of their sentences. In fact, the First Step Act directs BOP to ensure that prisoners spend up to twelve months in a community correctional facility, including up to six months of home confinement. 18 U.S.C. § 3624(c)(1), (2).

BOP is authorized to designate the place of the prisoner's imprisonment and "may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable . . . ." In making that determination, BOP must take into consideration, among other factors, the history and characteristics of the prisoner (18 U.S.C. § 3621(b)(3)) and "any statement by the court that imposed the sentence—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate . . ." (18 U.S.C. § 3621(b)(4)). Section 3261 gives BOP the authority to place Mr. Morgan in a community correctional facility, such as a half-way house, at any point during the time remaining on a sentence of eighteen months.

For Mr. Morgan, the length of his sentence and any delay between sentencing and entry of the judgment in his case will significantly impair BOP's ability to consider Mr. Morgan for placement in a half-way house (as required by Section 3624). Although there does not appear to be a particular length of sentence below which BOP decides to allow

prisoners to serve their sentences at a local jail, it is counsel's experience that defendants do sometimes remain in local custody for periods of time equal to the time remaining on Mr. Morgan's sentence. Counsel has also seen that defendants with sentences approximately equal to Mr. Morgan's can be designated to a halfway house if promptly taken into BOP custody.

Defendants are not taken into BOP custody until after a judgement is filed, and they cannot be designated to a half-way house except by the "unit team" at BOP. Defendants with sentences of less than one year remaining can be designated to a half-way house almost immediately upon arrival at a BOP facility, but seemingly will not be so designated before arriving at a BOP facility (i.e., while in "local" custody). This procedure can add significant time between sentencing and placement at a half-way house and potentially reduces the time a defendant may spend in a transitional facility, the setting identified by the legislature as preferable for soon-to-be-released defendants.

Mr. Morgan respectfully requests that the Court minimize the likelihood that he will be denied statutorily required consideration for placement in a halfway house, and for home confinement, in two ways. First, by recommending, consistent with 18 U.S.C. 3621(b)(4), that BOP promptly consider Mr. Morgan for placement at a half-way house and on home confinement at the end of his sentence. Second, by entering the judgment in this case as soon as practicable after the sentencing hearing in order to expedite Mr. Morgan's placement in BOP custody.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

*Electronically filed September 14, 2021*
*/s/ Hans Erickson*
Assistant Federal Public Defender